UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

REUBEN AVENT,

                      Plaintiff,

v.                                                   1:19-CV-1565
                                                    (GTS/CFH)

ROBERTA REARDON, NYS Dept. of Labor Super.;
TARGET CORPORATION; BRIAN CORNELL, Target
CEO; KERRI LEE LOVELAND, NYS Dept. of Labor
employee; JESSE DOE, Unknown Target Distribution
Warehouse Mgr.; RYAN DOE, Unknown Target
Distribution Warehouse Mgr; JANE DOE, Unknown
female Target Distribution HR employee, and
DOUGLAS LENTES, Target Claims Rep.,

                    Defendants.
_____

APPEARANCES:

REUBEN AVENT
Plaintiff, *Pro Se*
2363 Adam Clayton Powell, Jr. Blvd., Apt. 5j
New York, New York 10030

GLENN T. SUDDABY, Chief United States District Judge

### DECISION and ORDER

       Currently before the Court, in this *pro se* employment civil rights action filed by Reuben Avent ("Plaintiff") against the eight above-captioned entities and individuals ("Defendants"), are the following: (1) United States Magistrate Judge Christian F. Hummel's Report-Recommendation recommending that certain of the claims in Plaintiff's Complaint be *sua sponte* dismissed with prejudice and without leave to amend, certain of the claims be *sua sponte* dismissed without prejudice and with leave to amend, and that certain of the claims survive the Court's *sua sponte* review of Plaintiff's Complaint; and (2) Plaintiff's Objection to the Report-

Recommendation. (Dkt. Nos. 5, 6.)

Generally, in his Objection, Plaintiff sets forth the following arguments: (1) Plaintiff's retaliation claims should not be dismissed because he has alleged facts (and proffered evidence) plausibly suggesting a causal connection between his protected activity and the adverse action to which Defendants subjected him; (2) the Report-Recommendation is erroneous as a whole because Magistrate Judge Hummel failed to liberally construe Plaintiff's claims and allegations with special solicitude in deference to his *pro se* status; and (3) the Report-Recommendation is erroneous as a whole also because Magistrate Judge Hummel failed to properly consider the exhibits to Plaintiff's Complaint (e.g., the Administrative Law Judge's findings in favor of Plaintiff). (*See generally* Dkt. No. 6.)

After carefully reviewing the relevant papers herein, including Magistrate Judge Hummel's thorough Report-Recommendation, the Court can find no clear error in those portions of the Report-Recommendation to which Plaintiff has failed to specifically object, and no error whatsoever in the remaining portions of the Report-Recommendation (i.e., those to which Plaintiff has specifically objected):[1] Magistrate Judge Hummel employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein. To those reasons, the Court would add only that Magistrate Judge Hummel did, in fact, liberally

---

[1] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

construe Plaintiff's factual allegations and exhibits with the utmost of special liberality, even though it is doubtful that Plaintiff is entitled to such special liberality when it comes to drafting federal complaints, given his extraordinary experience at that practice. *See, e.g.,* 04-CV-0302 (NDNY), 05-CV-1311 (NDNY), 07-CV-1135 (NDNY), 09-CV-0436 (NDNY), 19-CV-0070 (NDNY), 19-CV-0830 (NDNY), 19-CV-0831 (NDNY), 02-CV-5315 (SDNY), 02-CV-6036 (SDNY), 02-CV-6037 (SDNY), 08-CV-0932 (SDNY), 19-CV-9773 (SDNY), 19-CV-10907 (SDNY), and 19-CV-10923 (SDNY).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Hummel's Report-Recommendation (Dkt. No. 5) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the following claims in Plaintiff's Complaint (Dkt. No. 1) are **DISMISSED with prejudice and without leave to amend**:

> (1) Plaintiff's claims for money damages asserted against Defendants Reardon and Loveland in their official capacities, and
>
> (2) Plaintiff's Title VII claims asserted against the individual Defendants in their individual capacities are; and it is further

**ORDERED** that the following claims in Plaintiff's Complaint (Dkt. No. 1) are **DISMISSED without prejudice and with leave to amend within THIRTY (30) DAYS** of this Decision and Order:

> (1) Plaintiff's § 1983 conspiracy claim,
>
> (2) Plaintiff's § 1981 failure-to-train/supervise claim;
>
> (3) Plaintiff's claims against Defendants Lentes; and

(4) Plaintiff's claims against the Unknown Target HR Employee; and it is further

**ORDERED** that the remainder of the claims in Plaintiff's Complaint (Dkt. No. 1) **SURVIVE** the Court's *sua sponte* review; and it is further

**ORDERED** that, should Plaintiff choose to file a timely Amended Complaint with respect to his § 1983 conspiracy claim and § 1981 failure-to-train/supervise claim, he is respectfully advised that the Amended Complaint must be a complete pleading that supersedes and replaces his original Complaint in its entirety (e.g., the Amended Complaint may not incorporate by reference any portion of the original Complaint), and that, while the Amended Complaint may attempt to amend claims that have been dismissed without prejudice by this Decision and Order, it may not attempt to amend any claims that have been dismissed with prejudice; and it is further

**ORDERED** that, should Plaintiff timely file a timely Amended Complaint, it will be forwarded to Magistrate Judge Hummel for review pursuant to 28 U.S.C. § 1915; and it is further

**ORDERED** that, should Plaintiff fail to file an Amended Complaint within thirty (30) days of the date of this Decision and Order, his claims to which leave to replead was granted shall be considered dismissed with prejudice without further Order of the Court.

The Court certifies that an appeal from this Decision and Order would not be taken in good faith.

Dated: July 20, 2020
       Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge