UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
───────────────────────────────────────────

REUBEN AVENT,

                            **Plaintiff,**

v.                                                  1:19-CV-1565 (NAM/CFH)

TARGET CORPORATION, JESSE FETCHO,
and RYAN DOE,

                            **Defendants.**
───────────────────────────────────────────

**APPEARANCES:**

Reuben Avent
2363 Adam Clayton Powell Jr. Blvd.
Apartment 5J
New York, NY 10030
*Plaintiff Pro Se*

Sanjeeve K. DeSoyza
Paul Buehler, III
Bond, Schoeneck & King, PLLC
22 Corporate Woods Blvd., Suite 501
Albany, NY 12211
*Attorneys for Defendants*

**Hon. Norman A. Mordue, Senior United States District Court Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

Plaintiff *pro se* Reuben Avent brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e *et seq*. ("Title VII") and 42 U.S.C. 1981 ("Section 1981"), alleging claims of discrimination, retaliation, and hostile work environment against his former employer, Target Corporation, and managers Jesse Fetcho and Ryan Doe (collectively, "Defendants"). (Dkt. No. 1). Now before the Court is Defendants' motion to dismiss the

1

Complaint for failure to prosecute. (Dkt. No. 56). Plaintiff has not responded to the motion. For the reasons set forth below, Defendants' motion is granted.

**II.     BACKGROUND**

Plaintiff commenced this action on December 18, 2019, alleging a hodgepodge of claims related to his former employment at Target. (Dkt. No. 1). On April 2, 2020, United States Magistrate Judge Christian F. Hummel conducted a review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and narrowed Plaintiff's claims. (Dkt. No. 5). On July 20, 2020, the Court (Suddaby, C.J.), adopted Judge Hummel's recommendation in its entirety. (Dkt. No. 7). Plaintiff was permitted leave to amend, but his Amended Complaint, (Dkt. No. 10), failed to address the deficiencies identified by Judge Hummel, and the original Complaint remained the operative pleading. (Dkt. No. 12; *see also* Dkt. No. 18).

On March 29, 2021, Defendants moved to dismiss the Complaint for failure to state a claim. (Dkt. No. 28). Plaintiff failed to respond to the motion, despite receiving an extension to do so. (Dkt. No. 35). The case was reassigned to the undersigned on June 14, 2021. (Dkt. No. 46). On July 22, 2021, the Court partially granted Defendants' motion to dismiss, leaving the following live claims: 1) Title VII discrimination claim against Target; 2) Title VII retaliation claim against Target; 3) Section 1981 race discrimination claim against Target; 4) Title VII hostile work environment claim against Target; and 5) Section 1981 hostile work environment claim against Fetcho and Doe. (Dkt. No. 48).

On August 5, 2021, Defendants filed an Answer to the Complaint. (Dkt. No. 50). On August 31, 2021, defense counsel attempted to contact Plaintiff via email to confer regarding a Civil Case Management plan; an individual identifying herself as "Zeena Hawkins" answered

the email and stated that Plaintiff had been in car accident.  (Dkt. No. 56-4).  Ms. Hawkins stated that Plaintiff was seriously injured and undergoing surgeries.  (*Id.*).

On September 8, 2021, Plaintiff failed to appear for the Initial Pretrial Conference before Judge Hummel.  (*See* Text Minute Entry for said date).  A Text Order was entered informing Plaintiff that failing to appear for or participate in court-ordered conferences could lead to sanctions including dismissal of his case.  (Dkt. No. 54).  The Court also entered a Uniform Pretrial Scheduling Order.  (Dkt. No. 55).

Since that time, Plaintiff has not been heard from at all.  On several occasions, Defendants attempted to contact Plaintiff and sent him discovery requests.  (Dkt. No. 56-2, ¶¶ 19–24).  Defense counsel avers that he has received no response from Plaintiff nor any communication whatsoever.  (*Id.*, ¶ 25).  On May 12, 2022, Defendants filed the instant motion to dismiss for failure to prosecute.  (Dkt. No. 56).  Plaintiff was served with the motion and notice from the Court that his response was due on or before June 2, 2022.  (Dkt. Nos. 57–58).  As of August 5, 2022, the Court had received no response and gave Plaintiff one final opportunity: allowing him to respond by September 1, 2022 and warning him that failure to do so would lead to dismissal.  (Dkt. No. 59).  Plaintiff has not responded or communicated anything to the Court.

### III.   STANDARD OF REVIEW

Pursuant to Rule 41 of the Federal Rules of Civil Procedure, "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).  In reviewing a district court's exercise of its discretion to grant a Rule 41(b) dismissal for failure to prosecute, the Second Circuit considers the following factors:

> [Whether] (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

## IV.   DISCUSSION

Defendants argue that the Plaintiff "has shown no willingness or intent to participate in this litigation," as evidenced by his failure to respond to their earlier motion to dismiss, failure to appear at the initial conference, failure to comply with discovery, and failure to communicate. (Dkt. No. 56-1, p. 4).  Defendants assert that dismissal is thus warranted.  The Court agrees. First, Plaintiff's failure to prosecute has caused a significant delay, as this case has not moved forward since the pretrial conference nearly one year ago.  *See also* N.D.N.Y. Local Rule 41.2(a) (stating that the plaintiff's failure to take action for four months is "presumptive evidence of lack of prosecution").  Second, the Court gave Plaintiff specific notice that further delay would result in dismissal—by issuing a Text Order on August 5, 2022 that warned Plaintiff that "any response to Defendants' Motion must be received on or before September 1, 2022, or the case will be dismissed with prejudice."  (Dkt. No. 59).

Third, the Court finds that Defendants would likely be prejudiced by further delay, as the passage of so much time may compromise their ability to defend the lawsuit.  Fourth, the Court finds that dismissal is in the interest of judicial economy, as the Court's resources are limited and ought not to be wasted further on a case that Plaintiff has demonstrated no interest in pursuing.  The Court recognizes that Plaintiff appears to have suffered injuries in a car accident

on May 28, 2021.  (Dkt. No. 43).  But that was more than fifteen months ago, and Plaintiff has not informed the Court of any ongoing health issues that might excuse his failure to prosecute.

Finally, the Court finds that no sanction other than dismissal can resolve this matter. This step is not taken lightly, however Plaintiff has been given fair warning.  His continued failure to participate in this case leaves the Court with no other choice.  In sum, all of the relevant factors support dismissal.

**V.   CONCLUSION**

For these reasons, it is

**ORDERED** that Defendants' Motion to Dismiss (Dkt. No. 56) is **GRANTED**; and it is further

**ORDERED** that the Complaint (Dkt. No. 1) is **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties in accordance with the Local Rules of the Northern District of New York.

**IT IS SO ORDERED.**

September 2, 2022
Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge